UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEREK ARTHUR TABBERT,

      Plaintiff,

      v.                                         Case No. 19-C-1513

CO JILL KOLLMANN,

      Defendant.

## SCREENING ORDER

Plaintiff Derek Arthur Tabbert, who is currently incarcerated at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Accompanying the complaint was a motion for leave to proceed without prepayment of the filing fee as permitted under 28 U.S.C. § 1915. The court waived the initial partial filing fee, which was calculated at thirty-nine cents, but allowed Tabbert twenty-one days in which to notify the court whether he wished to voluntarily dismiss his action to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g) if his complaint was dismissed for failure to state a claim or for some other reason authorized under § 1915(e)(2). Tabbert has not withdrawn his complaint, and so, upon its finding that Tabbert is indigent, the court will grant his motion to proceed without prepayment of the filing fee, screen the complaint as required under § 1915A, and address Tabbert's motions to appoint counsel.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Tabbert is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Tabbert accuses Correctional Officer Jill Kollmann of violating his rights by telling the 400WPNG unit of segregation at Green Bay Correctional Institution that he raped two little girls, was in segregation for performing oral sex, and has "Adi" as well. Because of these statements, Tabbert alleges that CO Kollmann put his life in immediate danger. Tabbert requests transfer to a different institution and damages of $100,000,000 for pain and suffering.

## THE COURT'S ANALYSIS

The complaint fails to state a claim upon which relief can be granted. A defamatory statement may constitute a deprivation of liberty within the meaning of the Fourteenth

Amendment, but only if it alters a previously recognized right or status. *Hinkle v. White*, 793 F.3d 764, 767–68 (7th Cir. 2015) (citing *Paul v. Davis*, 424 U.S. 693, 708–09 (1976)). Here, we cannot tell from the complaint whether the statements allegedly made by CO Kollmann were false and thus defamatory. If true, the disclosure that Tabbert had "raped two little girls" and was in segregation for having oral sex would not violate Tabbert's constitutional rights, unless it was intended by CO Kollmann and did in fact lead to Tabbert's being harmed by other inmates.

This is not to say that, assuming the allegations are true, CO Kollmann acted properly. Indeed, she may have violated institutional rules or regulations by such a disclosure and it seems unwise to unnecessarily disclose such information to other inmates. But this court is unaware of any case holding that such a disclosure, absent more, amounts to a violation of an inmate's constitutional rights. Inmates have no constitutionally protected privacy interest in their criminal or disciplinary records.

The allegation that CO Kollmann also disclosed that Tabbert has "Adi," if Tabbert actually meant AIDS or some similar medical condition, however, may be different. Some courts have held that unnecessarily disclosing that an inmate has HIV, or the AIDS virus, may amount to a violation of an inmate's right to privacy under the Fourteenth Amendment. *See, e.g.*, *Simpson v. Joseph*, No. 06-C-200, 2007 WL 433097, at *15 (E.D. Wis. Feb. 5, 2007) ("Nevertheless, in light of the Seventh Circuit's recognition that prisoners have a limited right to privacy and the reasoning of the Second Circuit in *Powell*, 175 F.3d 107, and the Third Circuit in *Delie*, 257 F.3d 309, the court concludes that there is a Fourteenth Amendment right to privacy that protects medical information concerning an inmate's HIV-status from unjustified disclosures by governmental actors."). But the complaint makes no such allegation. Even the allegations the complaint does make lack any specifics as to when the disclosures occurred and to whom.

3

Tabbert's complaint therefore fails to state a federal claim upon which relief may be granted. If Tabbert wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **February 3, 2020**. Failure to file an amended complaint within this time period will result in dismissal of this action.

Tabbert is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

### APPOINTMENT OF COUNSEL

Tabbert has filed two motions that request the court to appoint counsel for him. Dkt. Nos. 3 and 7. There is no constitutional or statutory right to court-appointed counsel in federal civil litigation. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Whether to recruit counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1) is within the court's discretion. *Id.* at 653–54. To determine whether recruitment is appropriate, the court considers "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* at 655. The pertinent question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.*

At this stage it does not appear that the case is particularly complex. The law governing due process violations is fairly well-established. Tabbert has identified no personal characteristics that render him unable to effectively communicate with the court. In addition, as Tabbert will be granted an opportunity to amend his complaint, CO Kollmann has not yet responded to Tabbert's complaint, and it is unclear what defense will be offered. While the court's analysis may change as the case proceeds, at least at this point, Tabbert has failed to make a showing that either the complexity of the case or his own personal characteristics require recruitment of counsel for proper consideration of his claim. Accordingly, the motions to appoint counsel (Dkt. Nos. 3 and 7) are denied.

**IT IS THEREFORE ORDERED** that Plaintiff's initial motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**. Plaintiff's second motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motions for appointment of counsel (Dkt. Nos. 3 and 7) are **DENIED**.

**IT IS FURTHER ORDERED** that on or before **February 3, 2020**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to

this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this <u>30th</u> day of December, 2019.

>s/ William C. Griesbach
>William C. Griesbach, District Judge
>United States District Court