UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEREK ARTHUR TABBERT,

      Plaintiff,

      v.                                       Case No. 19-C-1513

CO JILL KOLLMANN,

      Defendant.

## SCREENING ORDER

Plaintiff, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court previously waived the initial partial filing fee and granted the motion to proceed *in forma pauperis*, but dismissed the original complaint with leave to amend. Tabbert claimed that Correctional Officer Jill Kollmann violated his rights by telling the 400WPNG unit of segregation of Green Bay Correctional Institution (GBCI) that he had raped two little girls, was in segregation for performing oral sex, and had disclosed protected health information. The complaint was dismissed because the allegations of the complaint lacked any specifics regarding the allegations, including when the disclosures occurred and to whom. Tabbert's Amended Complaint was filed January 23, 2020, and it is ready for screening.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

In his amended complaint, Tabbert alleges that Corrections Officer Kollman violated his Fourteenth Amendment rights by disclosing that he has HIV and/or AIDS, while working at Green Bay Correctional Institution. Tabbert seeks damages in the amount of $30,000 for emotional distress the disclosure caused.

## THE COURT'S ANALYSIS

As noted in the court's previous order, some courts have held that unnecessarily disclosing that an inmate has HIV, or the AIDS virus, may amount to a violation of an inmate's right to privacy under the Fourteenth Amendment. *See, e.g.*, *Simpson v. Joseph*, No. 06-C-200, 2007 WL 433097, at *15 (E.D. Wis. Feb. 5, 2007) ("Nevertheless, in light of the Seventh Circuit's

recognition that prisoners have a limited right to privacy and the reasoning of the Second Circuit in *Powell*, 175 F.3d 107, and the Third Circuit in *Delie*, 257 F.3d 309, the court concludes that there is a Fourteenth Amendment right to privacy that protects medical information concerning an inmate's HIV-status from unjustified disclosures by governmental actors."). Tabbert has now explicitly alleged that CO Kollman violated his constitutional rights by disclosing his medical condition. He will therefore be allowed to proceed on his claim against CO Kollman, at least for now.

**IT IS HEREBY ORDERED** that Plaintiff may proceed on the following claim: violation of Fourteenth Amendment rights for disclosing medical condition. Since this is only a screening order, Defendant may move to dismiss if further research shows that Plaintiff's claim is insufficient.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 22nd day of February, 2020.

>s/ William C. Griesbach
>William C. Griesbach, District Judge
>United States District Court